UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KERWIN D. SCOTT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:14-CV-01853-JAR |
| JERRY W. MORGAN, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Shanta Pribble's (n/k/a Shanta Morgan) Motion for Judgment on the Pleadings (Doc. 44). The Motion is fully briefed and ready for disposition. For the following reasons, Defendant's Motion will be **DENIED**.

**I. Motion for Judgment on the Pleadings Standard of Review**

The court reviews a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) under the same standard that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) (citations omitted). In deciding a motion for judgment on the pleadings, the Court "accept[s] all facts pled by the nonmoving party as true and draw[s] all reasonable inferences from the facts in favor of the nonmovant." *Unite Here Local 74 v. Pinnacle Entertainment, Inc.*, 2011 WL 65934, at *2-3 (E.D. Mo. Jan. 10, 2011) (quoting *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004)). This is a strict standard, as "[j]udgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Id.* (quoting

*United States v. Any and all Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)).

## II. Background

Plaintiff Kerwin D. Scott, a former inmate at Eastern Reception, Diagnostic and Correction Center ("ERDCC")[1] filed the instant action on November 3, 2014, pursuant to 42 U.S.C. § 1983, alleging a claim of excessive force against four corrections officers and a claim of deliberate indifference to his serious medical needs against Defendants Nurse Tina Coffman, Dr. David Mullen, and Ms. Shanta Pribble (n/k/a Shanta Morgan) (hereinafter "Pribble"), the Health Service Administrator at ERDCC. Specifically, Plaintiff alleges that on November 24, 2012, he suffered a fractured clavicle as a result of a use of force incident involving the defendant officers. Plaintiff further asserts that, as a result of his fractured clavicle, his shoulder was swollen and the bone was protruding from his body in a position that was obviously unnatural. Plaintiff alleges that he repeatedly informed corrections officers and medical personnel of his condition, specifically his pain. However, Plaintiff asserts that he did not receive an x-ray on his shoulder until nearly a week after his incident, was not examined by a physician until December 21, 2012, nearly a month after the incident, and did not receive necessary surgery until March 15, 2013, nearly four months after his incident. Relevant to the current motion, Plaintiff alleges that, on or about December 17, 2012[2], his sister contacted Pribble to inquire about Plaintiff's condition. At that time, Pribble informed Scott's sister that Scott had sustained a clavicle fracture. Accordingly, Plaintiff alleges that Pribble was aware of Plaintiff's medical needs but was deliberately indifferent to those needs.

---

[1] Plaintiff is currently incarcerated at Jefferson City Correctional Center in Jefferson City, Missouri.

[2] Pribble asserts that, "According to medical records, the call actually occurred on December 19" (Doc. 45 at 2 n.2).

## III. Analysis

For medical care to be so inadequate that it violates constitutional rights, the conduct of the prison officials must amount to "deliberate indifference to the serious medical needs of prisoners." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Deliberate indifference has both subjective and objective components. A plaintiff must show (1) that he suffered from an objectively serious medical need and (2) that the prison officials actually knew of, but deliberately disregarded, that need. *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000). To be objectively serious, the medical need must be "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Johnson v. Busby,* 953 F.2d 349, 351 (8th Cir. 1991). "To hold a supervisor liable under § 1983, a plaintiff must allege and show that the supervisor personally participated in or had direct responsibility for the alleged violations." *McDowell v. Jones*, 990 F.2d 433, 435 (8th Cir. 1993). "Or a plaintiff could show that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts." *Id.*

The Court finds that Plaintiff has sufficiently alleged a deliberate indifference claim against Pribble. Plaintiff alleges that Pribble was the Health Service Administrator at ERDCC and was responsible for Plaintiff's medical care and treatment. Plaintiff further alleges that Pribble knew of his condition at least as of her conversation with Plaintiff's sister in mid-December. *C.f. Harris v. Corizon, LLC*, No. 1:15-CV-26-CEJ, 2015 WL 5560241, at *3 (E.D. Mo. Sept. 21, 2015) ("However, plaintiff does not allege that he informed Wallace directly about his medical condition or that Wallace, by virtue of his position, would have been aware of plaintiff's problems.") Whether the time elapsed between Pribble's alleged knowledge and when Plaintiff saw a physician was two or four days is irrelevant; Plaintiff did not receive treatment for

his shoulder until nearly four months after the incident and at least three months after Pribble knew of his condition. Therefore, as alleged in the complaint, a reasonable inference in the light most favorable to Plaintiff is that Pribble knew of his condition and, given her supervisory role, was deliberately indifferent to or tacitly authorized the alleged unconstitutional acts, specifically the delay in Plaintiff's treatment.

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Shanta Pribble's Motion for Judgment on the Pleadings (Doc. 44) is **DENIED.**

Dated this 20th day of January, 2016.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE